# EXHIBIT A

1 | Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
3 | Farrah Grant (SBN 293898)
    farrah@setarehlaw.com
4 | SETAREH LAW GROUP
    315 South Beverly Drive, Suite 315
5 | Beverly Hills, California 90212
    Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

7 | Attorneys for Plaintiff
    ROBERT LACOUR

8

9

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF ALAMEDA

12 | UNLIMITED JURISDICTION

13

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 0 2020

CLERK OF THE SUPERIOR COURT
By M. Williams
Deputy

| | |
|---|---|
| ROBERT LACOUR, on behalf of himself, all others similarly situated, and the general public,<br><br>    *Plaintiff,*<br><br>vs.<br><br>MARSHALLS OF CA, LLC, a Virginia limited liability company; MARSHALLS OF MA, INC., a Massachusetts corporation; THE TJX COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>    *Defendants.* | Case No. **HG 2 0 0 7 4 7 1 9**<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4. Failure to Indemnify (Lab. Code § 2802);<br>5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff CLIENT ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this class and representative action against Defendant NAME OF DEFENDANT, a Delaware corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have

(1)      failed to provide him and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)      failed to pay them at least minimum wage for all hours worked;

(6)      failed to pay them overtime wages at the correct rate;

(7)      failed to pay them double time wages at the correct rate;

(8)      failed to reimburse them for all necessary business expenses;

(9)      failed to provide them with accurate written wage statements; and

(10)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

**JURISDICTON AND VENUE**

2.      This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.      Venue is proper in Alameda County because Defendant THE TJX COMPANIES,

1   INC. is incorporated under the laws of Delaware, does business in Alameda County, and has

2   surrendered its registration of a California place of business with the California Secretary of State.

3   As such, venue is proper in any county in California.

4       4.      Plaintiff is informed and believes, and thereupon alleges that the individual claims of

5   the class defined below are under the $75,000 threshold for federal diversity jurisdiction and the

6   aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action

7   Fairness Act of 2005.  Further, there is no federal question at issue as the issues herein are based

8   solely on California law.

**PARTIES**

10      5.      Plaintiff ROBERT LACOUR is, and at all relevant times mentioned herein, an

11  individual residing in the State of California.

12      6.      Plaintiff is informed and believes, and thereupon alleges that Defendant

13  MARSHALLS OF CA, LLC is, and at all relevant times mentioned herein, a Virginia limited

14  liability company doing business in the State of California.

15      7.      Plaintiff is informed and believes, and thereupon alleges that Defendant

16  MARSHALLS OF MA, INC. is, and at all relevant times mentioned herein, a Massachusetts

17  corporation doing business in the State of California.

18      8.      Plaintiff is informed and believes, and thereupon alleges that Defendant THE TJX

19  COMPANIES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

20  business in the State of California.

21      9.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

22  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

23  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

24  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

25  fictitiously named defendants are responsible in some manner for the occurrences, acts and

26  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

27  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

28  capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

12.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

13.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class**:  All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

1      14.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

2  right to amend or modify the class definitions with greater specificity, by further division into sub-

3  classes and/or by limitation to particular issues.

4      15.    **Numerosity**:  The class members are so numerous that the individual joinder of each

5  individual class member is impractical.  While Plaintiff does not currently know the exact number

6  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

7  exceeds the minimum required for numerosity under California law.

8      16.    **Commonality and Predominance:**  Common questions of law and fact exist as to

9  all class members and predominate over any questions which affect only individual class members.

10  These common questions include, but are not limited to:

11          A.    Whether Defendants maintained a policy or practice of failing to provide

12                employees with their meal periods;

13          B.    Whether Defendants maintained a policy or practice of failing to provide

14                employees with their rest periods;

15          C.    Whether Defendants failed to pay premium wages to class members when

16                they have not been provided with required meal and/or rest periods;

17          D.    Whether Defendants failed to pay minimum and/or overtime wages to class

18                members as a result of policies that fail to provide meal periods in accordance

19                with California law;

20          E.    Whether Defendants failed to pay minimum and/or overtime wages to class

21                members for all time worked;

22          F.    Whether Defendants failed to reimburse class members for all necessary

23                business expenses incurred during the discharge of their duties;

24          G.    Whether Defendants failed to provide class members with accurate written

25                wage statements as a result of providing them with written wage statements

26                with inaccurate entries for, among other things, amounts of gross and net

27                wages, and total hours worked;

28          H.    Whether Defendants applied policies or practices that result in late and/or

4

incomplete final wage payments;

I.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

J.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

17.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

19.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

///

# GENERAL ALLEGATIONS

21.    Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately July 21, 2009 through May 2019.

## Security Check and Off-the-Clock

22.    Plaintiff and the putative class were required to utilize the general entrance to the venues and required to go through a security check at the time of leaving the venues where they worked.  The security check required Plaintiff and the putative class to first wait in a general purpose line where anyone who wanted to exit the venues were required to go through a security screening.

23.    Plaintiff and the putative class were allowed to pass through the security check only upon displaying any container, lunch pale, and/or or bag, including any fast food bag and/or purse. During events, security personnel would look inside the container, lunch pale, and/or bag to ensure that Plaintiff and the putative class were not taking any items from Defendants.

24.    Plaintiff and the putative class were required to spend at least five to fifteen minutes each time they went through the security check – time that was not paid by Defendants. During the peak business times of the year, around Christmas, store associates would work "double coverage," which meant that the line of sales associates going through a security check at the end of the day would be substantially longer, requiring between twenty-five (25) and thirty (30) minutes to line up and get through a security check.

25.    Plaintiff and the putative class were required to clock out first at the end of each work shift prior to going through the security check. The station where Plaintiff and putative class would clock out was located in the back of the store, while the security check was conducted at the entrance to the store. Plaintiff and the putative class were required to walk approximately five (5) to eight (8) minutes from the back of the store, where they clocked-out, to the entrance of the store, where they were to line up and undergo a security check before leaving.

26.    After waiting in line to go through the security check, Plaintiff and the putative class were further made to wait for a store manager, such as Janet Bailey, to set the store alarm before allowing Plaintiff and the putative class to go home. This required Plaintiff and the putative

DocuSign Envelope ID: 6D7F64E4-358B-4953-AAE9-76F64A9C91A9

1   class to stand very still so as not to trigger the alarm mechanism while it was being set. Once the

2   alarm were properly set, a bell would ring. At the instruction and direction of store managers, such

3   as Janet Bailey and Cynthia Sikora, Plaintiff and putative class were not to disburse until they

4   heard this bell. If everything went smoothly, this process of setting the alarm would require another

5   five (5) to eight (8) minutes of Plaintiff and the putative class's time. Time for which they were not

6   being compensated. On many occasions, the store manager had trouble setting the alarm. If the

7   alarm went off, the store manager would need to contact the alarm company. The store manager

8   would require that a member of the putative class stay behind to assist. The manager promised to

9   adjust the putative class member's time to account for the time worked while waiting for the alarm

10   company to set things straight; however, many times the manager did not adjust the putative class

11   member's time. Especially when the manager did not work the next day, as they would simply

12   forget.

13       27.    Based on the above, Defendants' security check practices has resulted in substantial

14   amounts of time not recorded as hours worked therefore resulting in substantial amount of wages

15   not paid to Plaintiff and the putative class.

16       28.    The time spent by Plaintiff and the putative class to wait for the manager to perform

17   his or her closing duties before they were permitted to leave the store could be anywhere from five

18   to ten minutes – time which was unpaid by Defendants.

19       29.    Plaintiff and the putative class were not paid for the time spent working off-the-

20   clock.

21       **Clock In Process**

22       30.    Plaintiff and putative class were trained to clock in for each work shift using a

23   computer in the back of the store where they worked.  Plaintiff and the putative class were required

24   to first turn on the computer and wait for it to load.  It generally took approximately three to five

25   minutes for it to boot up to the Windows log in prompt.

26       31.    After Plaintiff and the putative class entered the log in information, the computer

27   would proceed to load to the desktop while other programs were started in the background

28   automatically as part of the normal boot up process.  It generally took around five to ten minutes for

1  it to complete the entire boot up cycle.

2       32.     Frequently, Plaintiff and the putative class would encounter login errors or computer

3  crashes that would require them to restart the entire boot up process.  The entire time spent booting

4  up the computer would not be accurately recorded and therefore resulted in Plaintiff and the

5  putative class not being paid for all hours worked while waiting for the computer the boot up.

6       33.     The machine errors were so frequent while trying to clock in that Plaintiff and the

7  putative class began alerting the on-site manager that the machine was not working upon it

8  presenting problems. The manager, such as Janet Bailey or Cynthia Sikora, would tell Plaintiff and

9  the putative class that the manager would fix their clock in time manually; however, often the

10  manager would be on the sales floor planning or setting up entire projects, and it was altogether

11  unclear when, if at all, Plaintiff and the putative class had their clock in times fixed, if at all.

12  Plaintiff and the putative class, unable to verify if their clock in times were accurate, often felt

13  shorted on their paychecks.

14       34.     The machines errors while clocking in were so frequent that eventually, after years

15  of dealing with the faulty clock in computer, a second machine was put in.

16       35.     After logging in, Plaintiff and the putative class would punch in. It is only upon

17  punching in that time was recognized as the actual start time for each workday and when Plaintiff

18  and the putative class would begin to be paid by Defendants.

19       36.     Accordingly, by the time Plaintiff and the putative class clocked in, fifteen to thirty

20  minutes or more may have already passed – all of which were not properly recorded as time worked

21  and which resulted in Plaintiff and the putative class not being paid for all hours worked by

22  Defendants.

23                              **Clocking In/Off-the-Clock**

24       37.     Plaintiff and the putative class would typically have a scheduled start time on or

25  around 7:00 a.m., although the store didn't open to the public until 9:30 a.m..  However, Plaintiff

26  and the putative class were unable to enter the store once they arrived for work as they did not have

27  a key to the store. Plaintiff and the putative class were made to wait at the entrance, as employees

28  with different start times began to pile up at the entrance. The manager, who began working

1  upstairs, could not hear Plaintiff and the putative class knocking. They would have to wait there as
2  they would have to wait for a manager to unlock the door and let them in.

3       38.     The time spent waiting for a manager to unlock the door and let them in could be
4  anywhere from ten to twenty minutes – time which was unpaid by Defendants.

5  **Off-the-Clock Work**

6       39.     Plaintiff and the putative class were not paid all wages earned as Defendants
7  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock
8  work.

9       40.     Plaintiff and the putative class regularly started work before they had clocked in and
10  were not paid for this time.  Upon letting Plaintiff and putative class into the store at the beginning
11  of their shift, store managers such as Janet Bailey and Cynthia Sikora would frequently talk to
12  Plaintiff and putative class about what needed to be done for the upcoming workday, sometimes
13  directing Plaintiff and the putative class to look at store installations and/or stations that needed to
14  be set up, moved, or dealt with in some manner. Plaintiff and the putative class tried to
15  communicate that they needed to clock in but were simply interrupted or ignored. Plaintiff and the
16  putative class were required to listen to management talk, patiently waiting until they had finished
17  so that they could go to the back and clock in. Managers frequently kept Plaintiff and the putative
18  class from clocking in while they talked for five (5) to eight (8) minutes at a time.

19       41.     Additionally, Plaintiff and the putative class were required to maintain their work
20  uniform. Plaintiff and the putative class were required by Defendants' to purchase a collared shirt
21  and khaki pants as a precondition of their employment. Plaintiff and the putative class were required
22  to do laundry every few days to ensure they maintained a professional, neat appearance as required
23  by Defendants. Defendants did not compensate Plaintiff and the putative class for the time they
24  spent maintaining their uniform.

25       42.     As a result of performing off-the-clock work that was directed, permitted or
26  otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this
27  time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were
28  clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent

1 | working off-the-clock.

2 | 43. Defendants knew or should have known that Plaintiff and the putative class were
3 | performing work before and after their scheduled work shifts and failed to pay Plaintiff and the
4 | putative class for these hours.

5 | 44. Defendants were aware of this practice and directed, permitted or otherwise
6 | encouraged Plaintiff and the putative class to perform off-the-clock work.

7 | 45. As a result of Defendants' policies and practices, Plaintiff and the putative class were
8 | not paid for all hours worked.

9 | **Missed and Shortened Meal Periods**

10 | 46. Plaintiff and the putative class members were not provided with meal periods of at
11 | least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not
12 | scheduling each meal period as part of each work shift; (2) chronically understaffing each work
13 | shift with not enough workers; (3) imposing so much work on each employee such that it made it
14 | unlikely that an employee would be able to take their breaks if they wanted to finish their work on
15 | time; and (4) no formal written meal and rest period policy that encouraged employees to take their
16 | meal and rest periods.

17 | 47. Plaintiff and the putative class carried walkie talkies on their person at all times
18 | during a typical workday. Sometimes, Plaintiff and the putative class would receive questions
19 | concerning a product via the walkie talkie while they were taking their lunch break. Plaintiff and
20 | the putative class would have to respond to the question or problem over the walkie talkie, a
21 | process which might take up to five minutes depending on the issue.

22 | 48. As a result of Defendants' policy, Plaintiff and the putative class were regularly not
23 | provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours
24 | worked due to complying with Defendants' productivity requirements that required Plaintiff and
25 | the putative class to work through their meal periods in order to complete their assignments on
26 | time.

27 | **Missed Rest Periods**

28 | 49. Plaintiff and the putative class members were not provided with rest periods of at

1   least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

2   Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically

3   understaffing each work shift with not enough workers; (3) imposing so much work on each

4   employee such that it made it unlikely that an employee would be able to take their breaks if they

5   wanted to finish their work on time; and (4) no formal written meal and rest period policy that

6   encouraged employees to take their meal and rest periods.

7          50.    Plaintiff and the putative class carried walkie talkies on their person at all times

8   during a typical workday. Frequently, about two or three times a week, Plaintiff and the putative

9   class were asked questions relating to a product while they were on their rest breaks. Instead of

10  calling another store to ask questions concerning a product's availability, price, quality, or location,

11  a process which could take as long as ten minutes due to being put on hold or needing to be

12  transferred, defendants' would simply interrupt Plaintiff and the putative class while they were on

13  break to ask a pressing question. This was seen as more convenient because Plaintiff and the

14  putative class might have been able to give an answer faster than another store would be able to.

15         51.    As a result of Defendants' policy and/or practice, Plaintiff and the putative class

16  were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each

17  four (4) hours worked due to complying with Defendants' productivity requirements that required

18  Plaintiff and the putative class to work through their rest periods in order to complete their

19  assignments on time.

20                                  **Expense Reimbursement**

21         52.    Plaintiff and the putative class members were required to utilize their own personal

22  cell phone to perform their job duties.  Specifically, if a customer did not speak English, Plaintiff

23  and the putative class were directed by Defendants' to use Google translate to facilitate the

24  interaction. Additionally, Defendants required Plaintiff and the putative class frequently use their

25  personal cell phones to look up product information pertaining to a specific item that was being

26  requested, whether it be for the item's availability, location, type, and/or size, etc.

27         53.    Plaintiff and the putative class members were not reimbursed for business expenses

28  incurred in the use of their personal cellphones.

54. In addition, Plaintiff and the putative class members were required by Defendants to pick up food with their personal vehicles in order to celebrate reaching certain sales goals. In order to encourage a team spirit and better sales, Defendants' would sometimes provide sandwiches to staff for a party to celebrate their achievements. Defendants' directed Plaintiff and the putative class to pick the sandwiches up using their personal vehicles. Subway, the most common sandwich vendor that was used to celebrate, was approximately two (2) to three (3) miles from the worksite.

55. Defendants failed to reimburse Plaintiff and the putative class for mileage incurred by them when going to the store to pick up sandwiches, although they were directed and required to do so.

56. Finally, Defendants required that Plaintiff and the putative class purchase uniforms as a precondition of their employment. Plaintiff and the putative class were required to purchase a collared shirt and khaki pants, and were never reimbursed for the costs incurred for purchasing their uniform as required by Defendants. Further, Defendants required that Plaintiff and the putative class maintain their uniform so that they appeared neat and professional looking while on the job. Defendants did not provide any stipend, or any help whatsoever for Plaintiff and the putative class to maintain their uniform, which was a necessary precondition of their employment required by Defendants.

57. As a result of Defendants' policies, Plaintiff and the putative class were not reimbursed for necessary business expenses that they incurred.

### Wage Statements

58. Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

59. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

60. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

DocuSign Envelope ID: 6D7E64E4-358B-4953-AA50-76F64A0C91A9

61. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

62. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

63. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

64. At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

65. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

66. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

67. Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

68. Labor Code section 1198 makes it unlawful to employ a person under conditions that

CLASS ACTION COMPLAINT

1 | violate the applicable Wage Order.

2 |     69.    Section 11 of the applicable Wage Order states:

3 |     "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of

4 | not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is

5 | relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal

6 | period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties

7 | an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

8 |

9 |     70.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

10 | agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

11 | members were not subject to valid on-duty meal period agreements with Defendants.

12 |     71.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

13 | Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

14 | **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

15 | each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

16 | Order.

17 |     72.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

18 | **Class** members additional premium wages, and/or were not paid premium wages at the employees'

19 | regular rates of pay when required meal periods were not provided.

20 |     73.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

21 | and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

22 | and costs of suit.

23 |     74.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

24 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

25 | the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

26 | ///

27 | ///

28 | ///

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

75.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

76.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

77.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

78.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

79.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

80.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

81.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

82.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

83.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

1    and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

2    costs of suit.

3        84.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

4    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

5    **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

6    **THIRD CAUSE OF ACTION**

7    **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

8    **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

9    **(Plaintiff and Hourly Employee Class)**

10        85.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

11    herein.

12        86.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

13    been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

14    applicable Wage Order.

15        87.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

16    which an employee is subject to the control of the employer, and includes all the time the employee

17    is suffered or permitted to work, whether or not required to do so."

18        88.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

19    employees at least the minimum wage set forth therein for all hours worked, which consist of all

20    hours that an employer has actual or constructive knowledge that employees are working.

21        89.    Labor Code section 1194 invalidates any agreement between an employer and an

22    employee to work for less than the minimum or overtime wage required under the applicable Wage

23    Order.

24        90.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

25    damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

26    addition to the underlying unpaid minimum wages and interest thereon.

27        91.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

28    than the minimum wage required under the applicable Wage Order for all hours worked during a

1  payroll period.

2      92.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

3  person acting either individually or as an officer, agent or employee of another person, to pay an

4  employee, or cause an employee to be paid, less than the applicable minimum wage.

5      93.    Labor Code section 1198 makes it unlawful for employers to employ employees

6  under conditions that violate the applicable Wage Order.

7      94.    Labor Code section 204 requires employers to pay non-exempt employees their

8  earned wages for the normal work period at least twice during each calendar month on days the

9  employer designates in advance and to pay non-exempt employees their earned wages for labor

10 performed in excess of the normal work period by no later than the next regular payday.

11     95.    Labor Code section 223 makes it unlawful for employers to pay their employees

12 lower wages than required by contract or statute while purporting to pay them legal wages.

13     96.    Labor Code section 510 and Section 3 of the applicable Wage Order require

14 employees to pay non-exempt employees overtime wages of no less than one and one-half times

15 their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

16 hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

17 the seventh consecutive day of one workweek.

18     97.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

19 employers to pay non-exempt employees overtime wages of no less than two times their respective

20 regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

21 worked in excess of eight hours on a seventh consecutive workday during the workweek.

22     98.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

23 centrally devised policies and practices to him and **Hourly Employee Class** members with respect

24 to working conditions and compensation arrangements.

25     99.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

26 **Employee Class** members for all time worked, including but not limited to, overtime hours at

27 statutory and/or agreed rates.

28 ///

100.    Section 9 of the applicable Wage Order states:

"When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

101.    If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

102.    At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiff with minimum and/or overtime wages for all hours he worked as a result of its failure to maintain employee uniforms and/or pay him a weekly maintenance allowance.

103.    Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

104.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

105.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

106.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

1  overtime wages, interest thereon and costs of suit.

2  Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial

3  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly**

4  **Employee Class** members, seek to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Class)

10      107.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

11  herein.

12      108.   Labor Code section 2802(a) states:

13          "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

16      109.   At all relevant times during the applicable limitations period, Plaintiff and the

17  **Expense Reimbursement Class** members incurred necessary business related expenses and costs,

18  including but not limited to, the usage of their personal cell phones for work related tasks, mileage

19  incurred due to the use of personal vehicles for work related duties, and expenses incurred to

20  maintain their uniforms as required by Defendants.

21      110.   Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid

22  by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class**

23  members for all necessary expenses incurred in the discharge of their duties.

24      111.   Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

25  by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

26  necessary business expenses incurred in the discharge of their duties.

27      112.   Pursuant to Labor Code section 452, an employer is authorized to prescribe the

28  weight, color, quality, texture, style, form and make of uniforms required to be worn by their

1  employees.

2      113.   Section 9 of the applicable Wage Order states:

3          "When uniforms are required by the employer to be worn by the employee as a
           condition of employment, such uniforms shall be provided and maintained by the
4          employer.  The term 'uniform' includes wearing apparel and accessories of
           distinctive design or color."
5

6      114.   At all relevant times during the applicable limitations period, Defendants required

7  Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

8  by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense**

9  **Reimbursement Class** members for all such expenditures.

10     115.   At all relevant times during the applicable limitations period, Defendants required

11  Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and

12  apparel unique to Defendants at their expense.  Defendants failed to indemnify Plaintiff and

13  **Expense Reimbursement Class** members for all such expenditures.

14     116.   Plaintiff is informed and believes that, during the applicable limitations period,

15  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

16  **Reimbursement Class** members for all necessary business expenses.

17     117.   Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

18  restitution for all unpaid amounts due and owing to within four years of the date of the filing of the

19  Complaint and until the date of entry of judgment.

20     118.   Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek

21  interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees

22  pursuant to Code of Civil Procedure section 1021.5.

23                    **FIFTH CAUSE OF ACTION**

24     **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

25                        **(Lab. Code § 226)**

26              **(Plaintiff and Wage Statement Penalties Sub-Class)**

27     119.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

28  herein.

CLASS ACTION COMPLAINT

120. Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

121. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

122. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

123. Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not

1  comply with Labor Code section 226(a).

2       124.   Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

3  in that Defendants have violated their legal rights to receive accurate wage statements and have

4  misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

5  on their wage statements have prevented immediate challenges to Defendants' unlawful pay

6  practices, has required discovery and mathematical computations to determine the amount of wages

7  owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

8  has led to the submission of inaccurate information about wages and deductions to federal and state

9  government agencies.

10      125.   Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

11 **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

12 initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

13 subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

14 aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

15 and costs.

16                          **SIXTH CAUSE OF ACTION**

17                  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

18                          **(Lab. Code §§ 201-203)**

19                  **(Plaintiff and Waiting Time Penalties Sub-Class)**

20      126.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21 herein.

22      127.   At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

23 have been entitled, upon the end of their employment with Defendants, to timely payment of all

24 wages earned and unpaid before termination or resignation.

25      128.   At all relevant times, pursuant to Labor Code section 201, employees who have been

26 discharged have been entitled to payment of all final wages immediately upon termination.

27      129.   At all relevant times, pursuant to Labor Code section 202, employees who have

28 resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

1   payment of all final wages at the time of resignation.

2      130.   At all relevant times, pursuant to Labor Code section 202, employees who have

3   resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

4   payment of all final wages within seventy-two (72) hours of giving notice of resignation.

5      131.   During the applicable limitations period, Defendants failed to pay Plaintiff all of him

6   final wages in accordance with the Labor Code by failing to timely pay him all of him final wages.

7      132.   Plaintiff is informed and believes that, at all relevant time during the applicable

8   limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

9   members all of their final wages in accordance with the Labor Code.

10      133.   Plaintiff is informed and believes that, at all relevant times during the applicable

11   limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

12   **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

13   sections 201 or 202 by failing to timely pay them all final wages.

14      134.   Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

15   timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been

16   willful in that Defendants have the ability to pay final wages in accordance with Labor Code

17   sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

18   with those requirements.

19      135.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

20   **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

21   final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

22      136.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

23   and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

24   **Class** members, seek awards of reasonable attorneys' fees and costs.

25   ///

26   ///

27   ///

28   ///

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

137.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

138.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

139.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

140.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

141.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH causes of action herein.

142.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

143.    Defendants have or may have acquired money by means of unfair competition.

144.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

145.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, failing to permit employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof,

1 | that must be in the middle of each work period insofar as practicable, by failing to pay non-exempt

2 | employees for all hours worked, by failing to provide accurate written wage statements, and by

3 | failing to reimburse them for all expenses.

4 |      146.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

5 | employees and entitled to the full protections of both the Labor Code and the applicable Wage

6 | Order.

7 |      147.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

8 | constitutes unfair competition within the meaning of Business and Professions Code section 17200

9 | *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

10 | and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

11 | an unfair, unlawful or fraudulent business practice to seek restitution on him own behalf and on

12 | behalf of similarly situated persons in a class action proceeding.

13 |      148.    As a result of Defendants' violations of the Labor Code during the applicable

14 | limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

15 | of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

16 | conduct.

17 |      149.    Plaintiff is informed and believes that other similarly situated persons have been

18 | subject to the same unlawful policies or practices of Defendants.

19 |      150.    Due to the unfair and unlawful business practices in violation of the Labor Code,

20 | Defendants have gained a competitive advantage over other comparable companies doing business

21 | in the State of California that comply with their legal obligations.

22 |      151.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

23 | for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

24 | violates or is considered unlawful under any other state or federal law.

25 |      152.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

26 | request the issuance of temporary, preliminary and permanent injunctive relief enjoining

27 | Defendants, and each of them, and their agents and employees, from further violations of the Labor

28 | Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

1  an order permanently enjoining Defendants, and each of them, and their respective agents and

2  employees, from further violations of the Labor Code and applicable Industrial Welfare

3  Commission Wage Orders.

4       153.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

5  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

6  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

7  and unfair business practices.

8       154.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

9  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

10  reasonable attorneys' fees in connection with their unfair competition claims.

11                                 **PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

13  public, prays for relief and judgment against Defendants as follows:

14            (1)    An order that the action be certified as a class action;

15            (2)    An order that Plaintiff be appointed class representative;

16            (3)    An order that counsel for Plaintiff be appointed class counsel;

17            (4)    Unpaid wages;

18            (5)    Actual damages;

19            (6)    Liquidated damages;

20            (7)    Restitution;

21            (8)    Declaratory relief;

22            (9)    Pre-judgment interest;

23            (10)   Statutory penalties;

24            (11)   Costs of suit;

25            (12)   Reasonable attorneys' fees; and

26            (13)   Such other relief as the Court deems just and proper.

27  ///

28  ///

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

3    demands a jury trial on all issues so triable.

4

5

6

7    Dated:  September 9, 2020              SETAREH LAW GROUP

8

9                                          _Chaim S. Setareh_

10                                         SHAUN SETAREH
                                           THOMAS SEGAL
11                                         FARRAH GRANT
                                           Attorneys for Plaintiff
12                                         ROBERT LACOUR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARSHALLS OF CA, LLC, a Virginia limited liability company;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT LACOUR, on behalf of himself, all others similarly situated, and the general public;

**ENDORSED FILED ALAMEDA COUNTY**

SEP 1 0 2020

CLERK OF THE SUPERIOR COURT
By **M. Williams**
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER: *(Número del Caso):*<br>**HG2 0 0 7 4 7 1 9** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 315 South Beverly Drive, Ste 315, Beverly Hills, CA 90212, (310) 888-7771

| DATE: **SEP 1 0 2020**<br>*(Fecha)* September 9, 2020 | Chad Finke, Court Executive Officer Clerk, by<br>*(Secretario)* **M. Williams** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. [ ] as an individual defendant. |
|---|---|
| | 2. [ ] as the person sued under the fictitious name of *(specify):* |
| | 3. [X] on behalf of *(specify):* Marshalls of MA, Inc., a Massachusetts corporation |
| | under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)<br>[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)<br>[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)<br>[ ] other *(specify):* |
| | 4. [ ] by personal delivery on *(date)* |

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Robert Lacour v. Marshalls of CA, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MARSHALLS OF MA, INC., a Massachusetts corporation;
THE TJX COMPANIES, INC., a Delaware corporation;
and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
#### Attachment to Summons

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Shaun Setareh (SBN #204514)
Setareh Law Group
315 South Beverly Drive, Ste 315, Beverly Hills, CA 90212

TELEPHONE NO.: (310) 888-7771    FAX NO. *(Optional):* (310) 888-0109
ATTORNEY FOR *(Name):* Robert Lacour

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street, Oakland, California 94612
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Robert Lacour v. Marshalls of CA, LLC, et al.

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 0 2020

CLERK OF THE SUPERIOR COURT
By M. Williams
Deputy

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | **HG 2 0 0 7 4 7 1 9** |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:
DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties    d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☒ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☒ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 9, 2020
Shaun Setareh
_____
(TYPE OR PRINT NAME)

*Shaun S. Setareh*
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

 **CT Corporation**

**Service of Process Transmittal**
09/30/2020
CT Log Number 538328173

TO:    Debra David, Paralegal
The TJX Companies, Inc.
770 Cochituate Rd
Framingham, MA 01701-4666

RE:    **Process Served in California**

FOR:    Marshalls of MA, Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Lacour, etc., Pltf. vs. Marshalls of CA, LLC, etc., et al., Dfts. // To: Marshalls of MA, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # HG20074719 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/30/2020 at 02:18 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Debra David  debra_david@tjx.com |
| | Email Notification,  James Evans  james_evans@tjx.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Wed, Sep 30, 2020

**Server Name:**           Jimmy Lizama


Entity Served              MARSHALLS OF MA, INC.

Agent Name               C T CORPORATION SYSTEM

Case Number              HG20074719

Jurisdiction                CA



**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR (Name): Plaintiff | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>October 08, 2020<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy<br><br>CASE NUMBER:<br>**HG20074719** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Robert Lacour, et al. | CASE NUMBER:<br>HG20074719 |
|---|---|
| DEFENDANT/RESPONDENT: Marshalls of CA, et al. | |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>MARSHALLS WH |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons


3. a. Party served: Marshalls of CA, LLC, a Virginia limited liability company

   b. Person Served: CT Corp - Jessie Gastelum, Intake Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/30/2020          (2) at (time): 1:40PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

   Marshalls of CA, LLC, a Virginia limited liability company
   under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:          Jimmy Lizama
   b. Address:       One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
        (3) registered California process server.
           (i) Employee or independent contractor.
           (ii) Registration No.: 4553
           (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 09/30/2020


Jimmy Lizama                                        _____
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**                    Code of Civil Procedure § 417.10

OL# 15168650

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>October 08, 2020<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy<br><br>CASE NUMBER:<br>**HG20074719** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |
| PLAINTIFF/PETITIONER: Robert Lacour, et al.<br><br>DEFENDANT/RESPONDENT: Marshalls of CA, et al. | CASE NUMBER:<br>HG20074719 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>MARSHALLS WH |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons

3. a. Party served: Marshalls of MA, Inc., a Massachusetts corporation

   b. Person Served: CT Corp - Jessie Gastelum, Intake Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/30/2020         (2) at (time): 1:40PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Marshalls of MA, Inc., a Massachusetts corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:          Jimmy Lizama
   b. Address:       One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 09/30/2020

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                                        (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Shaun Setareh, 204514
Law Office of Shaun Setareh
315 South Beverly Drive , Suite 315
Beverly Hills, CA 90212
TELEPHONE NO.: (310)888-7771
ATTORNEY FOR *(Name):* Plaintiff

**FOR COURT USE ONLY**

**FILED BY FAX**
ALAMEDA COUNTY

October 08, 2020

CLERK OF
THE SUPERIOR COURT
By Shabra Iyamu, Deputy

CASE NUMBER:
**HG20074719**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Robert Lacour, et al.

DEFENDANT/RESPONDENT: Marshalls of CA, et al.

CASE NUMBER:
HG20074719

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
MARSHALLS WH

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons

3. a. Party served: The TJX Companies, Inc., a Delaware corporation

   b. Person Served: CT Corp - Jessie Gastelum, Intake Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/30/2020          (2) at (time): 1:40PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   The TJX Companies, Inc., a Delaware corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:          Jimmy Lizama
   b. Address:       One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 09/30/2020

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 15168651

⌐ Setareh Law Group ⌐
  Attn: Setareh, Shaun
  315 South Beverly Drive,
  Suite 315
└ Beverly Hills, CA   90212____ ┘      └                                     ┘

⌐ Marshalls of CA                                        ⌐

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Lacour<br>                     Plaintiff/Petitioner(s)<br>       VS.<br><br>Marshalls of CA<br>                  Defendant/Respondent(s)<br>       (Abbreviated Title) | No. <u>HG20074719</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

                Complex Determination Hearing
                Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/17/2020   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
                 1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/15/2020   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
                 1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/13/2020                    Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/14/2020.

By _____

Deputy Clerk

# EXHIBIT C

1   J. KEVIN LILLY, Bar No. 119981
    KLilly@littler.com
2   BRADLEY E. SCHWAN, Bar No. 246457
    BSchwan@littler.com
3   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:    310.553.0308
5   Fax No.:       310.553.5583

6   AMY TODD-GHER, Bar No. 208581
    ATodd-Gher@littler.com
7   BRITTANY L. McCARTHY, Bar No. 285947
    BLMccarthy@littler.com
8   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
9   San Diego, CA  92101.3577
    Telephone:    619.232.0441
10  Fax No.:       619.232.4302

11  Attorneys for Defendants
    MARSHALLS OF CA, LLC, MARSHALLS OF
12  MA, INC. AND THE TJX COMPANIES, INC.

13

14                  SUPERIOR COURT OF CALIFORNIA

15                     COUNTY OF ALAMEDA

16  ROBERT LACOUR, on behalf of himself,    Case No.  HG 20074719
    all others similarly situated, and the general
17  public,                                  ASSIGNED FOR ALL PURPOSES TO JUDGE

18              Plaintiff,                    **DEFENDANTS' ANSWER TO
                                             PLAINTIFF'S CLASS ACTION
19       v.                                   COMPLAINT**

20  MARSHALLS OF CA, LLC, a Virginia
    limited liability company; MARSHALLS
21  OF MA, INC., a Massachusetts             Complaint filed:  September 10, 2020
    corporation; THE TJX COMPANIES,
22  INC., a Delaware corporation; and DOES 1
    through 50, inclusive,
23
                Defendant.
24

25

26

27

28

LITTLER MENDELSON, P.C.
   2049 Century Park East
        5th Floor
 Los Angeles, CA  90067.3107
      310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants MARSHALLS OF CA, LLC, MARSHALLS OF MA, INC., AND THE TJX COMPANIES, INC. ("Defendants") hereby answer the Complaint ("Complaint") filed by Plaintiff ROBERT LACOUR ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in the Complaint. In addition, Defendants deny that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of any Defendant. Defendants further assert the following separate and distinct defenses:

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and affirmative and other defenses Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove. Further, Defendants do not presently know all facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendants will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses or of such facts modifying existing defenses. Defendants incorporate (as if fully set forth herein) this express denial with each reference to "Plaintiff" and "putative class members." Without waiving their ability to oppose class certification and explicitly asserting their opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth below against each member of the certified class.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that the Complaint and each purported Cause of Action therein, fails in whole or in part to state facts sufficient to constitute a claim against Defendants.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, cannot be maintained against them insofar as they are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, California Labor Code section 203, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343 and California Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel including, but not limited to, pursuant to the class action settlement in *Paulino/Rodriguez v. Marshalls of CA, LLC, et al.*, United States District Court for the Central District of California, Case No. 5:18-cv-01716-MWF-SP.

## FOURTH AFFIRMATIVE DEFENSE

### (Set-Off from Related Cases or Charges)

As a separate and distinct affirmative defense, Defendants allege that even if Plaintiff and/or the putative class members are entitled to any compensation as a result of the Complaint, which Defendants deny, any such compensation must be set-off in an amount equal to the amount(s) previously paid to and/or recovered by Plaintiff and/or putative class members for time not actually worked and/or for the same or similar claims asserted in any related cases or charges, so as to prevent unjust enrichment of Plaintiff and the putative class members, including but not limited to payments made in the *Paulino/Rodriguez v. Marshalls of CA, LLC, et al.*, United States District Court for the Central District of California, Case No. 5:18-cv-01716-MWF-SP action.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Set-Off from Amounts Paid)**

As a separate and distinct affirmative defense, Defendants allege that if Plaintiff and/or the putative class members succeed in establishing any violation of the law, and to the extent any sums are found due and owing to Plaintiff and/or the putative class members, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein including, but not limited to, those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or the putative class members over and above their wages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines – Estoppel, Waiver, Consent, and Laches)**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, consent, and laches. Among other things, Defendants are entitled to rely upon attestations made by Plaintiff, and/or putative class members, at the conclusion of their shifts and on a weekly basis that they had accurately recorded all hours worked; submission of expense reimbursement requests, and to rely upon their failure to raise concerns during employment at the time when the alleged failure to compensate or related issues could have been resolved.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

As a separate and distinct affirmative defense, Defendants allege that, even assuming, arguendo that Defendants failed to comply with any provision of the Labor Code, which Defendants deny, Defendants substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate under the circumstances.

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any putative class member has received, or will receive, compensation for any outstanding wages, penalties, or damages purportedly due.  This specifically includes Plaintiff's receipt of settlement funds pursuant to the *Roberts* settlement agreement.

**NINTH AFFIRMATIVE DEFENSE**

**(No Damage or Harm)**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any putative class member has suffered any cognizable damage or other harm as a result of any act or omission of Defendants.

**TENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because the alleged losses or harms sustained by Plaintiff and the putative class members, if any, resulted from causes other than any act or omission of Defendants, or from the acts or omissions of Plaintiff and/or the putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Outside Scope of Authority)**

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   any unlawful or other wrongful acts of any person(s) employed by Defendants were outside of the

2   scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendants

3   nor did Defendants know or have reason to be aware of such alleged conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Claims Discharged)**

6          As a separate and distinct affirmative defense, Defendants allege that the Complaint,

7   and each cause of action set forth therein, or some of them, is barred because all or a portion of the

8   wages, premium pay, interest, attorneys' fees, penalties and/or other relief sought by Plaintiff on his

9   own behalf and/or on behalf of the putative class members were, or will be before the conclusion of

10  this action, paid or collected, and therefore, Plaintiff's claims and/or the claims of the putative class

11  members have been partially or completely discharged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

14         As a separate and affirmative defense to the Complaint and each purported cause of

15  action therein, Defendants allege, based upon the belief that further investigation and discovery will

16  reveal facts supporting such defense, that evidence acquired subsequent to the filing of Plaintiff's

17  Complaint bars and/or limits the amount of damages Plaintiff can recover, assuming *arguendo*,

18  Defendants are found liable for any asserted claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

21         As a separate and distinct affirmative defense, Defendants are informed and believe

22  that a reasonable opportunity for investigation and discovery will reveal and on that basis allege, that

23  Plaintiff's claims for damages on behalf of himself, and/or putative class members are barred by the

24  doctrine of avoidable consequences because, among other things: (a) Defendants maintained adequate

25  and appropriate policies including open door policies with complaint procedures; (b) Defendants

26  exercised reasonable care to prevent and correct promptly any unlawful behavior; and (c) Plaintiff

27  and/or putative class members unreasonably failed to take advantage of any preventative or corrective

28  opportunities provided by Defendants or to otherwise avoid harm.  Consequently, Plaintiff's claims

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

for damages are barred by the doctrine of avoidable consequences.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Class Action - Denies Defendants' Due Process Rights)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint and each purported cause of action therein is barred because the certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive (see *Timbs v. Indiana*, 203 L. Ed. 2d 11, 18-19, (2019)) and procedural, and to a trial by jury, both substantively and procedurally in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection clauses of Article I, Section 7 of the California Constitution.  Specifically, this court may not award penalties based upon claims by strangers to the litigation.  *Philip Morris USA v. Williams,* 549 U.S. 346, 353 (2007).

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Wage Orders – Violation of Due Process)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint and/or causes of action therein are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Injury)

As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's Complaint and each Cause of Action alleged therein, or some of them, are barred because Plaintiff and the alleged putative class Plaintiff seeks to represent have not suffered any injury from any alleged act or failure by Defendants.

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

6.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Compensation for Alleged "Off-the-Clock" Work)

As a separate and distinct defense, Defendants allege that any "off-the-clock" hours allegedly worked by Plaintiff and/or the putative class members are not compensable hours worked within the meaning of the California Labor Code, the applicable Wage Orders of the Industrial Welfare Commission, and/or other applicable law, and/or Plaintiff's claims on behalf of himself and and/or the putative class members are barred as to all "off-the-clock" hours allegedly worked of which Defendants lacked actual and/or constructive knowledge.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis Defendants allege, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendants had reasonable grounds for believing that their practices complied with applicable laws and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff, and the alleged putative class Plaintiff seeks to represent, are not entitled to any penalties.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

As a separate and distinct affirmative defense, Defendants alleges that the penalties in Plaintiff's Complaint, including but not limited to those under Cal. Lab. Code § 203, are barred, in whole or in part, because, among other things, (1) there are bona fide disputes as to whether further compensation is due to Plaintiff and some or all of the allegedly putative class on whose behalf he seeks to collect wages and/or civil penalties, and, if so, as to the amount of such further compensation, (2) Defendants have not willfully failed to pay such additional compensation, if any is owed, and (3) to impose penalties would be inequitable and unjust.

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (*De Minimis*)

As a separate and distinct affirmative defense, Defendants allege that some or all of the hours allegedly worked by Plaintiff, and the alleged putative class members that Plaintiff seeks to represent, and claimed as causing a violation of any laws relating to wage requirements were *de minimis* and do not qualify as compensable hours worked within the meaning of the California Labor Code and the Wage Order(s) issued by the California Industrial Wage Commission.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Irregular and Brief)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege that Plaintiff and the alleged putative class members that Plaintiff seeks to represent are barred from recovering damages or penalties because even if he establishes such claims, their claims involve activities that are so irregular or brief in duration that it would not be reasonable to require Defendants to compensate him for the time he allegedly spent on it. *See Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 835 (2018).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Waiting Time Penalties – Absent, Refused or Avoided Payment)

As a separate and distinct affirmative defense, Defendants are informed and believe that further discovery may disclose information supporting such affirmative defense, that Plaintiff's claims for waiting time penalties are barred because Plaintiff and/or some, or all, of the putative class members Plaintiff seeks to represent, secreted or absented themselves to avoid payment of wages, or refused payment fully tendered by Defendants, thereby relieving Defendants of liability for waiting time penalties under the Labor Code, including but not limited to Labor Code section 203.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Lawful Business Reasons)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members Plaintiff seeks to represent were treated fairly and in good faith, and that all actions taken concerning them were done for lawful business reasons and with good intent.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(Conduct By Others)**

3          As a separate and distinct affirmative defense, Defendants alleges that the Complaint

4   cannot be maintained against Defendants because any alleged losses or harms sustained by Plaintiff

5   and the putative class members Plaintiff seeks to represent, if any, which Defendants deny, resulted

6   from causes other than any act or omission, if any, by Defendants.  Such parties acted without the

7   knowledge, participation, approval or ratification of Defendants, and Defendants had no duty to

8   control the actions of such third party or third parties.  This defense is being asserted as a matter of

9   right.

10

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

11

**(Bus. & Prof. Code Section 17200 – Unconstitutionally Vague and Overbroad)**

12          As a separate and distinct affirmative defense, Defendants allege that the prosecution

13   of a representative action on behalf of the general public under California Business and Professions

14   Code section 17200, et seq., is unconstitutionally vague and overbroad and, as applied to the facts and

15   circumstances of this case, would constitute a denial of Defendants' due process rights, both

16   substantive and procedural, and right to equal protection in violation of the California Constitution

17   and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendants

18   from raising individual defenses against each putative class member. Indeed, the violation is both

19   procedural, by imposing a procedure that would render it impossible for Defendants to defend their

20   interests and property, and substantive, by imposing remedies constitutionally disproportionate to the

21   wrongs committed.  *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

22

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

23

**(Bus. & Prof. Code Section 17200 – Compliance With Obligations)**

24          As a separate and affirmative defense, Defendants allege that Plaintiff's claims and

25   claims of putative class members Plaintiff seeks to represent,  are barred, in whole or in part, because

26   of Defendants' compliance with all applicable laws, statutes and regulations, said compliance

27   affording Defendants a safe harbor to any claim under California Business and Professions Code

28   section 17200, *et seq.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Standing for Equitable Relief)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and/or the putative class members are not entitled to equitable relief with respect to any and all alleged violations of the California Labor Code and/or California Business and Professions Code section 17200 *et seq.* to the extent that such alleged violations have discontinued, ceased, and/or are not likely to reoccur and because there is an adequate remedy at law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Offset/Set-Off)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims and claims of the putative class members Plaintiff seeks to represent are barred, in whole or in part, because they are subject to the doctrines of set-off, offset and/or recoupment in favor of Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each cause of action set forth therein, or some of them, fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each cause of action set forth therein is barred, in whole or in part, by Plaintiff's failure and the failure of putative class members Plaintiff seeks to represent, to exhaust appropriate internal remedies, including but not limited to raising any issues with management in response to that attestation language, in which Plaintiff, putative class members, verified that their hours were accurately recorded.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to the Complaint, and each purported cause of action therein, Defendants allege that Plaintiff's Complaint and each purported cause of action therein is barred to the extent that Plaintiff has failed to properly exhaust all of the contractual, administrative and/or statutorily required remedies prior to filing suit.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Duplicative Penalties – Violation of Due Process)

As a separate and distinct affirmative defense, Defendants allege that the imposition of replicating individual penalties would deprive Defendants of their constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Excessive Fines)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint is barred because an award of penalties would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff and/or the putative class members failed to exercise reasonable care to mitigate damages, if any were suffered.  By failing to report any allegations of unpaid or untimely wages, non-compliant wage statements, Plaintiff and/or the putative class members failed to mitigate their damages, and if the Court determines that Plaintiff and/or the putative class members have the right to any recovery against Defendants, the Court should reduce and/or eliminate the recovery by such failure.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Breach of Duties)**

As a separate and distinct affirmative defense, Defendants allege that the Complaint is barred, in whole or in part, because Plaintiff and/or the putative class members he seeks to represent breached their duties owed to Defendants under California Labor Code section 2856.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Labor Code Section 226 - No Willfulness)**

As a separate and distinct affirmative defense, Plaintiff's cause of action, including on behalf of the putative class members he seeks to represent, for the alleged failure to provide accurate itemized wage statements is barred, in whole or in part, because any alleged failure by Defendants to provide wage statements in conformity with California Labor Code section 226 was not willful.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Labor Code Section 226 – No "Knowing and Intentional Failure")**

As a separate and distinct affirmative defense, Plaintiff's cause of action, including on behalf of the putative class members he seeks to represent, for the alleged failure to provide accurate itemized wage statements is barred because even assuming *arguendo*, that Plaintiff or any other employees were not provided with proper itemized statements of wages, Defendants' alleged failure to comply with California Labor Code Section 226 was not "knowing and intentional" under California law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(No Employment Relationship – The TJX Companies, Inc.)**

As a separate and distinct affirmative defense, Defendant The TJX Companies, Inc. alleges that there was no employment relationship between it and Plaintiff and/or any of the putative class members Plaintiff purports to represent; therefore, the Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted as to Defendant The TJX Companies, Inc.

### FORTIETH AFFIRMATIVE DEFENSE

**(No Employment Relationship – Marshalls of MA, Inc.)**

As a separate and distinct affirmative defense, Defendant Marshalls of MA, Inc. alleges

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

that there was no employment relationship between it and Plaintiff and/or any of the putative class members Plaintiff purports to represent; therefore, the Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted as to Defendant Marshalls of MA, Inc.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff or members of the putative class Plaintiff purports to represent have no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that any person did not take meal or rest breaks, it was because s/he: (1) failed to take meal or rest breaks that were provided to her/him in compliance with California law; (2) chose not to take meal or rest breaks that were authorized and permitted; or (3) waived her/his right to meal breaks under California Labor Code section 512(a).

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Knowledge or Permission)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendants allege to the extent Plaintiff did not take meal and/or rest periods, Plaintiff did so without permission or knowledge of Defendants.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Meal Period Waiver)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's causes of action for meal period liability are barred, in whole or in part, because Plaintiff and/or other members of the putative class entered into lawful meal period waiver agreements.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Independent Judgment)

As a separate and distinct affirmative defense, Defendants allege that any purported failure of Plaintiff or other putative class members to record all hours of work or to take meal and/or rest periods was the result of their exercise of discretion, independent judgment, and self-

13.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

determination.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### (Expenses Unnecessary)

As a separate and distinct affirmative defense, Defendants allege that any claim based upon an alleged failure to comply with California Labor Code section 2802 is barred, in whole or in part, because any alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of Plaintiff's and the putative class members' employment duties to Defendants.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### (Expenses Unwarranted)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members are not entitled to reimbursement expenses to the extent that they did not satisfy the conditions for obtaining such reimbursement and/or to the extent that reimbursement was not warranted.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Contractual Obligation to Arbitrate)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each cause of action contained therein, is barred on the grounds there exists a written agreement, entered into under the provisions of the Federal Arbitration Act, 8 U.S.C. §§ 1 *et seq.*, between Plaintiff and/or numerous putative class members and Defendants, to submit any and all employment-related claims, including claims at issue in this case, to final and binding arbitration. Each and every cause of action alleged in the Complaint is thus subject to final and binding arbitration in accordance with the terms of said written agreement, which included a valid class action waiver provision. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011). The Arbitration Agreement "applies to any dispute, past, present or future, arising out of or related to Associate's employment with The TJX Companies, Inc. or one of its affiliates, successors, subsidiaries or parent companies … regardless of its date of accrual and survives after the employment relationship terminates." The Agreement further specifies that it "applies, without limitation, to any claims under federal, state, local or other applicable law based upon or related to… wages or other compensation, breaks and rest

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

periods, termination, tort claims, equitable claims, and all other statutory or common law claims unless explicitly excluded below." Defendants do not waive their rights to enforce the signed arbitration agreements of any and all of the putative class members.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class Claims Waived/Barred by Arbitration Agreements)

As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action therein, is waived and/or barred because Defendants' arbitration agreement, to the extent applicable, requires putative class members to proceed exclusively through final and binding arbitration on an individual basis and not on a class or collective basis.

### FORTY-NINTH AFFIRMATIVE DEFENSE

### (Federal Arbitration Act)

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein is barred and subject to arbitration pursuant to the Federal Arbitration Act, 8 U.S.C. §§ 1, *et seq*. because many of the individuals Plaintiff seeks to represent are subject to an enforceable and binding arbitration agreement encompassing all of the causes of action alleged in the Complaint. This Court thus lacks subject matter jurisdiction over this action as all of Plaintiff's purported causes of action are subject to a valid arbitration agreement pursuant to which binding arbitration is the sole and exclusive method to resolve any and all disputes arising out of Plaintiff's, putative class members' employment with Defendants. Defendants do not waive their right to enforce the signed arbitration agreements of Plaintiff and/or any of the putative class members.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and therefore Defendants reserve their rights to assert additional defenses or claims which may become known during the course of discovery.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## PRAYER FOR RELIEF

2          WHEREFORE, Defendants pray for judgment from this Court as follows:

3          1.      That Plaintiff take nothing by this action;

4          2.      That the Complaint be dismissed with prejudice and that judgment be entered against

5   Plaintiff and in favor of Defendants on each of Plaintiff's causes of action;

6          3.      That Plaintiff be ordered to pay Defendants' costs and attorneys' fees, including, but

7   not limited to, costs and attorneys' fees provided under California Labor Code section 218.5; and

8          4.      Such other and further relief as the Court deems appropriate and proper.

9

10  Dated:  October 28, 2020

11

12                                                                  _____
                                                                    J. KEVIN LILLY
13                                                                  BRADLEY E. SCHWAN
                                                                    AMY TODD-GHER
14                                                                  BRITTANY L. McCARTHY
                                                                    LITTLER MENDELSON, P.C.
15                                                                  Attorneys for Defendants
                                                                    MARSHALLS OF CA, LLC, MARSHALLS
16                                                                  OF MA, INC. AND THE TJX COMPANIES,
                                                                    INC.
17

18  4851-2391-5471.1 053070.1307

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

16.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Amy Todd-Gher, (SBN 208581); J. Kevin Lilly, (SBN 119981), Bradley E. Schwan, (SBN 246457); Brittany L. McCarthy, SBN (285947)<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577 | |

TELEPHONE NO.: (619) 232-0441     FAX NO. *(Optional):* (619) 232-4302
E-MAIL ADDRESS *(Optional):* ATodd-Gher@littler.com; KLilly@littler.com; BSchwan@littler.com; BLMcCarthy@littler.com
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: ROBERT LACOUR

DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al.

| | |
|---|---|
| **ELECTRONIC SERVICE** | CASE NUMBER:<br>HG20074719 |
| | JUDGE: Hon. Brad Seligman<br>DEPT.: 23 |

***(Do not use this proof of service to show service of a Summons and complaint.)***

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):* mruvalcaba@littler.com

4. On *(date):* October 28, 2020     I served the following **documents** *(specify):*

   **DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a.  Name of person served:
   b.  ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
       Business or residential address where person was served:

   c.  ☒   *(Complete if service was by fax or electronic service.)*
       (1)  Fax number or electronic service address where person was served:
       Shaun Setareh - shaun@setarehlaw.com; Thomas Segal - thomas@setarehlaw.com;
       Farrah Grant farrah@setarehlaw.com

       (2)  Time of service:

   ☐   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* **E-MAIL**

   a.  ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

**Page 1 of 2**

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>*www.courts.ca.gov* |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME<br>Robert Lacour v. Marshalls of CA, LLC, et al. | CASE NUMBER:<br>HG20074719 |
| --- | --- |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 28, 2020

Maria Ruvalcaba
(TYPE OR PRINT NAME OF DECLARANT)

▶ _Maria Rmf_
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT)

▶
(SIGNATURE OF DECLARANT)

Page 2 of 2

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com
